ANDREW J. MAST (CSBN 284070)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
andrew.mast@usdoj.gov

Attorney for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STARKIST CO.,<br><br>Defendant. | Case No. CR-18-0513 EMC<br><br>**UNITED STATES' MOTION FOR RECONSIDERATION OF ORDER GRANTING STARKIST'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF**<br><br>Judge: Hon. Edward M. Chen |

# INTRODUCTION

Pursuant to Local Civil Rule 7-9, applicable to criminal cases through Local Criminal Rule 2-1, the United States respectfully moves for reconsideration of the Court's Order granting Defendant StarKist Co.'s motion for leave to file a reply sentencing brief. (Dkt. 153) According to Local Civil Rule 7-11, under which defendant brought its motion, the other party has no more than four days to file a response in opposition to an administrative motion, and the matter is deemed submitted the day after the opposition is due. Civ. L.R. 7-11(b), (c). Here, the Court granted defendant's motion for leave to file a supplemental brief the same day it was filed. Given the patent unfairness of the relief sought by defendant, the United States requests an opportunity to be heard.

Defendant's motion for leave was both unwarranted and untimely. First, after the parties submitted over 1,000 pages of briefing and supporting documents, including supplemental briefing on whether defendant could monetize its $154 million investment in Techpack, defendant sought leave to file an oversized reply (with four exhibits) to the government's response. At defendant's sentencing hearing, however, the Court made clear that it wanted only one supplemental brief from each party. (June 12, 2019 Sentencing Hr'g Tr. 129:13-14.) Defendant seeks to unfairly supplement the record, on an issue that has been thoroughly briefed. Second, defendant's motion—which came two-and-a-half weeks after the government filed its response and less than a week before its scheduled sentencing—was tactically timed to preclude the government from meaningfully responding. This was after the Court granted defendant a generous three weeks to file its supplemental brief. Defendant identified no valid justification for filing a reply nor any basis for its delay in doing so.

Accordingly, the government requests that the Court reconsider its order granting defendant leave to file its supplemental brief. Instead, the Court should disregard the brief and receive any further argument from the parties at the hearing currently scheduled just a few days from now on August 7. While the government has no interest in further delaying sentencing, if defendant is not sentenced as scheduled, the government should be afforded a full opportunity to respond to its eleventh-hour arguments.

## ARGUMENT

A party may seek reconsideration of an interlocutory order if the Court did not "consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.[1]" (L.R. 7-9(b).) Here, the government did not have any opportunity to respond to defendant's motion for leave to file its reply. Had the government been afforded the opportunity to respond, it would have presented material facts and legal arguments justifying denial of defendant's motion: the reply was unwarranted, an inappropriate use of a reply brief, and untimely.

First, defendant failed to identify any valid reason why it should be permitted to file a reply less than four days before a scheduled hearing. Contrary to defendant's assertion, the government did not raise any "new" or "novel" issues or arguments in its response to defendant's brief regarding Techpack. The government simply responded to defendant's arguments. The reply makes this clear. For example, in its reply, defendant argued that the government mistakenly assumed Techpack can be sold at the book value that appears in its financial statements. (Techpack Reply at 6.) But the government's argument about the salability of Techpack was not a new argument raised by the government; it was a response to defendant's unsupported assertion in its initial memorandum. (StarKist Mem. Re. Techpack at 8.) Nor were defendant's arguments in its reply about its loan covenants, the anticipated merger between Dongwon Systems and Techpack, or its ability to borrow money responses to new issues raised by the government. (*See id.* at 6-7; 5-6; 9-11.) The government is also disappointed that defendant continues to rehash improper arguments regarding a coconspirator's fine, which under the explicit terms of the plea agreement, cannot justify a reduction in defendant's fine. (*Id.* at 11-12.) These issues were all raised in defendant's initial memorandum regarding Techpack. The government merely responded. If defendant needed to further address these issues, counsel could present argument at the specially set sentencing hearing already scheduled by this Court

---

[1] Generally, a party seeking reconsideration must obtain leave to file a motion for reconsideration. (L.R. 7-9(a).) Here, because defendant's sentencing is less than a week away and has no desire to postpone sentencing, the government has not formally filed a motion for leave to seek reconsideration.

rather than tactically waiting to get in a last word while depriving the government of an opportunity to be heard.

Second, while the government did not make any new arguments in its response, *StarKist* made multiple new arguments in its reply brief. These new arguments did not even concern Techpack—the only issue on which the Court requested additional briefing. (Hr'g Tr. 125:25-126:1 ("I'm going to give the first—a chance for the parties to further brief this specific issue—I don't need re-briefing on everything else.").) For example, perhaps recognizing that its previous estimates of civil liability provided ample money to pay its criminal fine, defendant now has raised its most recent estimate of civil liability by **60%**, citing as its justification the motions for class certification filed 14 months ago. Such manipulation demonstrates why defendant's estimates and forecasts, the backbone of its inability-to-pay claim, should not be accepted at face value. More importantly, the order granting the motion for class certification in the separately pending multidistrict litigation has nothing to do with defendant's ability to monetize Techpack.[2]

Third, defendant's reply was also untimely. Permitting defendant to file its reply at this time would unduly prejudice the government. If the Court permits defendant to file its reply less than four days before the hearing, the government would not have sufficient time to file (and the Court would not have sufficient time to review) a sur-reply before the August 7, 2019 hearing. The untimeliness of the motion for leave to file a reply was especially prejudicial to the government because defendant waited over two weeks after the government filed its response and sought to add four exhibits to the already voluminous record. Defendant did not provide any reason why it waited until four days before the sentencing hearing to seek permission to file a reply. The Court should not reward defendant's tactical and unwarranted filing and should disregard the brief in its entirety.

---

[2] Even if the Court had requested full-fledged briefing on the ability-to-pay issue, Local Civil Rule 7-3(d), applicable to criminal cases through Local Criminal Rule 2-1, does not permit a reply brief based on a judicial decision. Rather, "[b]efore the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–**without argument."** (emphasis added.) Defendant has failed to adhere to L.R. 7-3(d).

Defendant has been afforded ample opportunity to make its arguments. In fact, during the course of this sentencing, not counting defendant's belated reply brief, the Court has received 11 briefs totaling 228 pages and 11 expert reports totaling 502 pages with 52 exhibits, an extraordinarily lengthy record for a criminal sentencing. Defendant already submitted five employee declarations before seeking to submit an additional two as exhibits to its reply brief. Defendant's motion for leave to file a reply brief (coupled with additional evidence) serves as a tacit admission that it had not met its burden for demonstrating an inability to pay. The Court should not permit defendant to skirt its burden through an attempt to levy arguments that the government cannot respond to. *See Rodgers v. Chevys Rests., LLC*, 2015 WL 909763 at *12-13 (N.D. Cal. Feb. 24, 2015) (denying plaintiff's motion for leave to file a sur-reply because defendants were not able to respond to new evidence).

## **CONCLUSION**

Defendant motion for leave is desperate, meritless, and unfair. Accordingly, the government respectfully requests that the Court reconsider its Order granting defendant's administrative motion. This case is ripe for sentencing and the Court should deny defendant's motion for leave to file a reply brief and proceed with sentencing as scheduled next week on August 7, 2019.

Dated: August 3, 2019                                    Respectfully submitted,

/s/ *Andrew J. Mast*
ANDREW J. MAST
Trial Attorney
U.S. Department of Justice
Antitrust Division

ANDREW J. MAST (CSBN 284070)
U.S. Department of Justice, Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
andrew.mast@usdoj.gov

Attorney for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STARKIST CO.,<br><br>Defendant. | Case No. CR-18-0513 EMC<br><br>DENYING <br>[PROPOSED] ORDER ~~GRANTING~~<br>UNITED STATES' MOTION FOR<br>RECONSIDERATION OF ORDER<br>GRANTING STARKIST'S MOTION<br>FOR LEAVE TO FILE A<br>SUPPLEMENTAL BRIEF<br><br>Judge: Hon. Edward M. Chen |

**ORDER**

~~For the reasons set forth in the United States' Motion for Reconsideration of Order Granting StarKist's Leave to File Supplemental Brief, and for good cause shown, the Court hereby orders that the United States' Motion for Reconsideration is granted.  It is further ordered that StarKist's Motion for Leave to File a Supplemental Brief is denied.~~  Government's motion for reconsideration is DENIED.  Government may address any newly-raised issues at the August 7, 2019 hearing.

Dated: August 5, 2019

_____
HONORABLE EDWARD M. CHEN
United States District Judge

[PROPOSED] ORDER GRANTING U.S.' MOT. FOR RECONSIDERATION
No. 18-cr-00203-EMC