UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br> v.<br>STARKIST CO.,<br>   Defendant. | Case No. 18-cr-00513-EMC-1<br><br>**ORDER REGARDING THE WALL STREET JOURNAL'S REQUEST FOR SEALED DOCUMENTS** |

## I.   INTRODUCTION

On November 27, 2019, a reporter from the Wall Street Journal made a request with the Court to make certain sealed documents[1] in this criminal matter available for public view. The Court took the request under submission after receiving a response from the parties but did not invite further briefing. Upon re-reviewing the redacted material, and in light of the Court imposing the maximum criminal penalty, as well as the parties' argument in open court, the Court rules as follows.

## II.   BACKGROUND

On November 14, 2018, Defendant StarKist Co. ("StarKist") pleaded guilty to violating the Sherman Antitrust Act, 15 U.S.C. § 1. All parties agreed the guideline fine would be $100 million. However, StarKist sought a downward departure relying on United States Sentencing Guideline Section 8C3.3, which states that the "court shall reduce the fine below [the guideline range] to the extent that imposition of such fine would impair its ability to make restitution to

---

[1] The requested documents are Docket Nos. 51, 53, 62, 64–68, 77, 111, 114–22, 130–31, 157–58, and 172.

victims." The Court construed the civil damages in the pending civil cases in the Southern District of California as restitution for purposes of U.S.S.G. § 8C3.3.

After reviewing the sentencing memoranda and the briefs related to StarKist's request for a downward departure, the Court refused to grant a downward departure and imposed the full recommended $100 million criminal fine. Docket No. 181.

### III. LEGAL STANDARD

"[T]he Courts of this country recognize a general right to inspect and copy public records and documents . . . . The interest necessary to support the issuance of a writ compelling access has been found, for example, in the citizen's desire to keep a watchful eye on the workings of public agencies . . . , and in a news paper publisher's intention to publish information concerning the operation of government . . . ." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98 (1978).

Courts "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Pursuant to the Local Rules of this District, "[u]nless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action." Crim. L. R. 56-1(e). However, "[t]he judge need not document compelling reasons to *unseal*; rather the proponent of sealing bears the burden with respect to sealing. *A failure to meet that burden means that the default posture of public access prevails.*" *Kamakana*, 447 F.3d at 1182 (emphasis added).

### IV. WALL STREET JOURNAL'S REQUEST FOR SEALED DOCUMENTS

The Government and StarKist proffered the same or similar arguments in their motions to seal. Those arguments are summarized as follows:

- Presentence reports and related documents are "confidential records of the Court" and "shall be disclosed only to the Court, court personnel, the defendant, defense counsel and the attorney for the government in connection with sentencing." N.D.

2

Cal. Crim. L.R. 32-7(a); *see United States v. Rubycon Corporation*, No. 4:16-CR-0367-JD, (N.D. Cal. Oct. 12, 2016).

- The sensitive financial data (*e.g.*, future projections, status of debt, etc.) contained in the sealed documents "could result in improper use by business competitors." *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012).

- StarKist's financial condition is not information that would serve the "public interest in understanding the judicial process." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

- Disclosing confidential business and financial information "would effectively open StarKist's books to competitors and could threaten StarKist's ability to renegotiate its debts or seek new financing . . . . [which] could jeopardize the ability of civil plaintiffs to seek damages from StarKist by weakening the long-term financial health of the company." Docket No. 49 at 2.

At the outset of the sentencing proceedings, StarKist conceded that avoiding the oral disclosure of everything filed under seal would not be practical. Docket No. 109 ("[T]o the extent we can keep information under seal, we would like to. We understand that is probably not practical. The primary area we are focused on in terms of confidentiality is our estimated civil liability . . . . We are prepared to talk about [] the CAGR and growth issues publicly."). Indeed, the parties discussed much of the sealed materials (*e.g.*, future projections, American Samoa pouch plant, increased inventory levels, etc.) in open court.

///
///
///
///
///
///
///

Accordingly, the Court orders the Government and StarKist to meet and confer to revise redactions to the requested documents consistent with what was disclosed in open court in Docket Nos. 109, 164, and 179 and the obligation to narrowly tailor redactions to those matters not already discussed and which are supported by a compelling interest. Parties shall file all revised redacted documents by January 7, 2020.

**IT IS SO ORDERED**.

Dated: December 23, 2019

_____
EDWARD M. CHEN
United States District Judge